**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER L. HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>K. RODRIGUEZ, et al.,<br><br>    Defendants.<br>_____ / | CASE NO. 1:12-cv-00891-LJO-GBC (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION AND TO DISMISS COMPLAINT AND AMENDED COMPLAINT, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AND AS BARRED BY *HECK v. HUMPHREY*<br><br>Docs. 1, 4, 7, 13<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations**

**I. Procedural History, Screening Requirement, and Standard**

On May 31, 2012, Plaintiff Christopher L. Harris ("Plaintiff") a federal prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Doc. 1. On July 26, 2012, Plaintiff filed an amended and "supplemental" complaint,[1] providing a background on his criminal conviction from October 28, 1999, in the Southern District of Indiana, and alleging an unlawful fine of four million dollars ($4,000,000). Doc. 7.

---

[1] Plaintiff may amend once as a matter of right without leave of court. Fed. R. Civ. P. 15(a)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant. *Iqbal*, 556 U.S. at 678-79; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554,

570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may only be held liable for misconduct directly attributed to him or her. *Iqbal*, 556 U.S. at 677-79; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

## II. Allegations in Plaintiff's Complaint and Amended / Supplemental Complaint

In Plaintiff's original complaint, he names K. Rodriguez, Administrative Remedy Coordinator for the United States Penitentiary, Atwater ("Atwater"). Compl. at 2, Doc. 1. In Plaintiff's amended / supplemental complaint, he also names Mark Joseph McKeon, Assistant United States Attorney for the United States Penitentiary - Atwater. Am. Compl. at 2, Doc. 7.

In 1999, the Southern District of Indiana rendered a criminal conviction judgment against Plaintiff and fined him four million dollars ($4,000,000). Compl. at 2, Doc. 1; Am. Compl. at 2, Doc. 7. The fine acted as a lien against Plaintiff. *Id.*

Plaintiff had the right to execute a penal bond or security. Compl. at 3, Doc. 1. In May 2012, Plaintiff delivered an "informal resolution" to Counselor Coggins. *Id.* at 3-4. Defendant K. Rodriguez, Administrative Remedy Coordinator, refused to release the lien against Plaintiff. Compl. at 4, Doc. 1.

In June 2012, Plaintiff executed a penal bond and mailed it to defendant Assistant U.S. Attorney McKeon. Am. Compl. at 3, Doc. 7. McKeon defaulted on the notice of the penal bond. *Id.* Defendant K. Rodriguez, Administrative Remedy Coordinator, refused to release the lien against Plaintiff. Compl. at 4, Doc. 1.

Plaintiff requests a relief of his duty to perform; for defendant Rodriguez to vacate the warrant of attachment; for defendant McKeon to release the judgment lien against Plaintiff; and compensatory and punitive damages. Compl. at 6, Doc. 1; Am. Compl. at 5, Doc. 7.

## III. Legal Standard and Analysis for Plaintiff's Claims

### A. Rule 20(a) and Venue

Plaintiff's complaint is in violation of Rule 20(a)(2) of the Federal Rules of Civil Procedure. Pursuant to Federal Rule of Civil Procedure 20(a)(2), persons may be joined as defendants in one action if the right asserted against them arises from the same transaction or occurrence, and any questions of law or fact common to all defendants will arise in the action. *See George v. Smith*, 507

F.3d 605, 607 (7th Cir. 2007) (finding unrelated claims against different defendants belong in different suits). Plaintiff's claims against defendants arising from occurrences in other districts in California or the United States should be filed in the proper venue in a separate civil action.

### B. Inmate Appeals Process

Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. *Buckley*, 997 F.2d at 495. Accordingly, the Court finds that Plaintiff fails to state a cognizable claim for relief under § 1983 based upon the inmate appeals process.

### C. *Heck* Bar

*Heck v. Humphrey*, 512 U.S. 477, 486 (1994), provides that in order to recover damages for an allegedly unconstitutional conviction, or for other harm caused by actions which would render a conviction or sentence invalid, a plaintiff must prove that his conviction or sentence is no longer valid, as a precondition to bringing suit. *See also Guerrero v. Gates*, 442 F.3d 697, 703–04 (9th Cir. 2006). Plaintiff does not challenge the fact or duration of his sentence. Thus, his claim is not proper as a § 1983 or federal habeas action because an order of restitution does not satisfy the custody requirement. *United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999); *United States v. Thiele*, 314 F.3d 399, 401 (9th Cir. 2002).

//

//

**IV. Plaintiff has raised the Same Frivolous Claims on Numerous Occasions**

Duplicative lawsuits filed by a plaintiff proceeding in forma pauperis are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See, e.g.*, *Cato*, 70 F.3d 1103, 1105 n.2; *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); *Bailey*, 846 F.2d at 1021. Repeating the same factual allegations asserted in an earlier case, even if now filed against new defendants, is subject to dismissal as duplicative. *See, e.g.*, *Bailey*, 846 F.2d at 1021; *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975). "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy and the comprehensive disposition of litigation." *Adams v. California*, 487 F.3d 684, 688, 692-94 (9th Cir. 2007).

Plaintiff has a long history of making his frivolous claims about his four million dollar ($4,000,000) lien, as reviewed by the Tenth Circuit.

> After pleading guilty in the United States District Court for the Southern District of Indiana to conspiracy to possess with intent to distribute cocaine and cocaine base, Mr. Harris was sentenced to 300 months' incarceration to be followed by five years' supervised release. Mr. Harris has used commercial-law theories in an effort to gain his release from prison in at least six previous actions. *See Harris v. Wands*, No. 10-cv-02735-LTB, 2010 WL 5339604 (D. Colo. Dec.10, 2010) (unpublished), aff'd, 410 Fed. Appx. 145, 148 (10th Cir. 2011); *Harris v. Anderson*, No. 10-03227-cv-S-RED (W.D. Mo. Nov. 2, 2010) (unpublished); *Harris v. Anderson*, No. 10-cv-03225-DW (W.D. Mo. Oct. 29, 2010) (unpublished), aff'd, No. 10-3593 (8th Cir. Dec. 30, 2010) (summarily affirmed) (unpublished); *Harris v. United States*, No. 1:10-cv-00335-LJM-JMS (S.D. Ind. May 5, 2010) (unpublished), appeal dismissed , No. 10-2205 (7th Cir. Aug. 9, 2010) (unpublished); *Harris v. United States*, No. 09-154C, 2009 WL 2700207 (Fed. Cl. Aug.26, 2009) (unpublished); *Harris v. United States*, No. 1:08-cv-1315-DFH-TAB (S.D. Ind. Oct. 17, 2008), certificate of appealability denied, No. 08–3934 (7th Cir. Feb. 18, 2009) (unpublished) . . .
>
> This Court reviews frivolousness dismissals for an abuse of discretion, unless the district court's decision turns on an issue of law, in which case our review is de novo. *Conkle v. Potter*, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003). It is patent that Mr. Harris's complaint averments—through which he attempts to effect his release from prison under principles of contract and/or civil commercial law—are legally frivolous. Accordingly, the district court was correct to dismiss his complaint.

*Harris v. Kammerzell*, 440 Fed. Appx. 627, 628-29 (10th Cir. 2011). When determining whether a complaint is frivolous, the court need not accept the allegations as true, but must "pierce the veil of

the complaint's factual allegations," *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), to determine whether they are "'fanciful,' 'fantastic,' [or] 'delusional,'" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (quoting *Neitzke*, 490 U.S. at 328). A complaint may be dismissed as frivolous where a defense is obvious on the face of the complaint. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984). Plaintiff alleges an unlawful fine of four million dollars ($4,000,000) stemming from his criminal conviction from October 28, 1999, in the Southern District of Indiana. Am. Compl. at 2, Doc. 7. The Court finds that based on these allegations and his filing history, Plaintiff's complaint is frivolous.

## V. Plaintiff's Motions for Preliminary Injunction

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102, (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 47 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

The pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Institute*, 555 U.S. 488, 491-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491-93;

1  *Mayfield*, 599 F.3d at 969. This action is being dismissed for failure to state a claim. Therefore, the
2  Court lacks jurisdiction over prison officials not parties to a civil action.

### VI. Conclusion and Recommendation

Plaintiff's complaint fails to state any claims upon which relief may be granted. Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). In Plaintiff's case, amendment of the complaint would not cure its deficiencies, absent the invalidation of the underlying conviction. Therefore, any further amendment would be futile since Plaintiff's claim is barred by *Heck*. Where amendment would be futile, a complaint may properly be dismissed without leave to amend. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004).

Moreover, Plaintiff's claims are frivolous. Thus, based on Plaintiff's filing history; his frivolous allegations in this complaint; and that his claims are barred by *Heck*, the Court finds that any further amendment would be futile. "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *See Whitmire v. Graham*, No. 11–17194, 2012 WL 2951388, at *1 (9th Cir. July 20, 2012). The Court finds that any amendment to the complaint would be futile, and the complaint should be dismissed without leave to amend.

Accordingly, it is HEREBY RECOMMENDED that:

1. Plaintiff's motions for preliminary injunction, filed May 31, 2012, and July 11, 2012, are DENIED;
2. Pursuant to 28 U.S.C. §§ 1915A and 1915(e), this action is DISMISSED, based on Plaintiff's failure to state any claims upon which relief may be granted under § 1983 and as barred by *Heck v. Humphrey*;
3. All pending motions are MOOT for review; and
4. The Clerk of the Court is directed to close the case.

//
//

1  These Findings and Recommendations will be submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days**
3 after being served with these Findings and Recommendations, Plaintiff may file written objections
4 with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and
5 Recommendations." Plaintiff is advised that failure to file objections within the specified time may
6 waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th
7 Cir. 1991).

8 IT IS SO ORDERED.

9 Dated:     September 18, 2012
10                                                                                        UNITED STATES MAGISTRATE JUDGE