# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER L. HARRIS, | CASE NO. 1:12-cv-00891-LJO-GBC (PC) |
| Plaintiff, | ORDER DENYING MOTION TO AMEND JUDGMENT AS PREMATURE, ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY MOTIONS FOR PRELIMINARY INJUNCTION, AND DISMISSING ACTION, FOR FAILURE TO STATE A CLAIM AND AS BARRED BY *HECK v. HUMPHREY* |
| v. | |
| K. RODRIGUEZ, et al., | |
| Defendants. | |
| / | Docs. 1, 4, 7, 13, 14, 16, 17 |

### I. Introduction

On May 31, 2012, Plaintiff Christopher L. Harris ("Plaintiff") a federal prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Doc. 1. Plaintiff also filed a Motion for Preliminary Injunction. Doc. 4. On June 18, 2012, Plaintiff filed an Amended Complaint,[1] providing a background on his criminal conviction from October 28, 1999, in the Southern District of Indiana, and alleging an unlawful fine of four million dollars ($4,000,000). Doc. 7. On July 11, 2012, Plaintiff filed a Motion to Stay the Writ of Execution. Doc. 13. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 18, 2012, the Magistrate Judge issued Findings and Recommendations, recommending to deny Plaintiff's motions for preliminary injunction and to dismiss Plaintiff's amended complaint for failure to state any claims upon which relief may be granted under § 1983 and as barred by *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Doc. 14. On October 1, 2012,

---

[1] Plaintiff may amend once as a matter of right without leave of court. Fed. R. Civ. P. 15(a)(1).

Plaintiff filed Objections, a Motion for Judgment as a Matter of Law, and a Motion to Amend Judgment. Docs. 15, 16, 17.

## II. Analysis

In Plaintiff's objections, he states that the Magistrate Judge incorrectly construed his amended complaint as barred by *Heck*. Obj. at 3, Doc. 15. Plaintiff argues that the amended complaint does not challenge his conviction but requests to vacate the fine of four million dollars ($4,000,000). *See id.* In order to recover damages for an allegedly unconstitutional conviction, or for other harm caused by actions which would render a conviction or sentence invalid, a plaintiff must prove that his conviction or sentence is no longer valid, as a precondition to bringing suit. *Heck*, 512 U.S. at 486. *See also Guerrero v. Gates*, 442 F.3d 697, 703–04 (9th Cir. 2006). Plaintiff does not challenge the fact or duration of his sentence. Thus, his claim is not proper as a § 1983 or federal habeas action because an order of restitution does not satisfy the custody requirement. *United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999); *United States v. Thiele*, 314 F.3d 399, 401 (9th Cir. 2002). Plaintiff seeks to challenge the fine and execution of judgment for his conviction. This makes his complaint barred by *Heck*.

Plaintiff's complaint fails to state any claims upon which relief may be granted. Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). In Plaintiff's case, amendment of the complaint would not cure its deficiencies, absent the invalidation of the underlying conviction. Therefore, any further amendment would be futile since Plaintiff's claim is barred by *Heck*. Where amendment would be futile, a complaint may properly be dismissed without leave to amend. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004).

Moreover, Plaintiff's claims are frivolous. Thus, based on Plaintiff's filing history; his frivolous allegations in this complaint; and that his claims are barred by *Heck*, the Court finds that any further amendment would be futile. "Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *See Whitmire v. Graham*, No. 11–17194, 2012 WL 2951388, at *1 (9th Cir. July 20,

2012). The Court finds that any amendment to the complaint would be futile, and the complaint should be dismissed without leave to amend.

### III. Conclusion

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend judgment is DENIED, without prejudice, as premature;
2. Plaintiff's motions for preliminary injunction, filed May 31, 2012, and July 11, 2012, are DENIED;
3. The Findings and Recommendations, filed September 18, 2012, are ADOPTED, in full;
4. Pursuant to 28 U.S.C. §§ 1915A and 1915(e), this action is DISMISSED, based on Plaintiff's failure to state any claims upon which relief may be granted under § 1983 and as barred by *Heck v. Humphrey*;
5. Plaintiff's claims of violations of the inmate appeals process are dismissed, with prejudice;
6. Plaintiff's claim regarding his underlying criminal conviction is dismissed, without prejudice;
7. All pending motions are MOOT for review; and
8. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

**Dated:   November 6, 2012**         /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE